**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LACHOY ROYCHELLE DAVIS,<br><br>                   Plaintiff,<br><br>     v.<br><br>J. ANDRADE, et al.,<br><br>                   Defendants. | 1:18-cv-01719-LJO-GSA-PC<br><br>**SCREENING ORDER**<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND**<br>**(ECF No. 1.)**<br><br>**THIRTY-DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT** |

**I.    BACKGROUND**

Lachoy Roychelle Davis ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On December 19, 2018, Plaintiff filed the Complaint commencing this action, which is now before the court for screening. 28 U.S.C. § 1915A. (ECF No. 1.)

**II.    SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

1

§ 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff is presently incarcerated at the California Correctional Institution in Tehachapi, California. The events at issue in the Complaint allegedly occurred at Wasco State Prison in Wasco, California, when Plaintiff was incarcerated there. Plaintiff names as defendants Correctional Officer (C/O) J. Andrade, C/O T. Miller, and C/O M. Sturges (collectively "Defendants").

Plaintiff allegations follow:

On Sunday, May 6, 2018, while returning from A-yard visiting at Wasco State Prison, Plaintiff underwent a low dose body scan at 2:30 p.m. conducted by defendant C/O L. Andrade to determine if he was in possession of any contraband. At the completion of the body scan, Plaintiff was instructed by defendant Andrade to step to the side because the body scan that he underwent was positive for contraband being held in his person. Defendant Andrade then contacted defendants ISU Officer T. Miller, and ISU Officer M. Sturges, and the two responded

to the area behind A-yard visiting where all the body scans are conducted when inmates are leaving A-yard visiting. Plaintiff was instructed to follow defendants Miller and Sturges to another room adjacent to the body scan area where he was directed to a white bucked that smelled like urine and feces. Plaintiff was instructed by defendants Miller and Sturges to provide an unauthorized bowel movement in the bucket for inspection while both officers stood and watched. Upon inspection of the stool that Plaintiff provided in the bucket, it was determined that Plaintiff had no contraband in his person, followed by a second body scan. Plaintiff alleges that he was subject to the most humiliating, embarrassing, indecent, and inhumane treatment that he has ever witnessed in prison by correctional staff, and he suffers from recurring mental and emotional stress.

Plaintiff requests monetary damages, injunctive relief, filing fees, and court expenses.

## IV.     PLAINTIFF'S CLAIMS

### A.     42 U.S.C. § 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing

3

"under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### B. Due Process Claim -- Fourteenth Amendment

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Id. Liberty interests may arise from the Due Process Clause itself or from state law. Id.

"[L]awfully incarcerated persons retain only a narrow range of protected liberty interests." Hewitt v. Helms, 459 U.S. 460, 467 (1983). Thus, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye v. Haymes, 427 U.S. 236, 242, 96 S.Ct. 2543 (1976).

In order to find that Plaintiff was entitled to due process protections before being placed on contraband watch, this court must find he had a liberty interest triggering those protections. The Ninth Circuit has held that a seven-day contraband watch "is the type of condition of confinement that is ordinarily contemplated by the sentence imposed." Chappell v. Mandeville, 706 F.3d 1052, 1063 (9th Cir. 2013). Accordingly, placement on temporary contraband watch

4

does not implicate a liberty interest, nor trigger due process protections. Id. at 1063-65. Only the most extreme changes in the conditions of confinement have been found to directly invoke the protections of the Due Process Clause, such as involuntary commitment to a mental institution, see Vitek v. Jones, 445 U.S. 480, 493–94 (1980), or the forced administration of psychotropic drugs, Washington v. Harper, 494 U.S. 210, 221–22 (1990)—neither of which occurred here. Therefore, Plaintiff fails to state a cognizable due process claim.

### C. Conditions of Confinement -- Eighth Amendment Claim

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. at 847 and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346. Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in

objective terms, "sufficiently serious . . . ." Farmer, 511 U.S. at 834. "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson, 217 F.3d at 731. Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Farmer, 511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson, 217 F.3d at 731. Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128.

The Ninth Circuit has held that the normal conditions of contraband watch do not amount to an Eighth Amendment violation. Chappell, 706 F.3d at 1057-62 (9th Cir. 2013.) He does not allege sufficient facts to show that any of the Defendants were deliberately indifferent to a "risk of serious harm" to plaintiff. Farmer, 511 U.S. at 847. Therefore, the court finds that Plaintiff fails to state a cognizable claim regarding the conditions of his confinement on contraband body watch.

### D. No Monetary Damages Available Without Physical Injury

To the extent plaintiff is attempting to assert this claim based on the humiliation he suffered from being forced to endure the contraband watch procedure, Plaintiff's is not entitled to monetary damages. The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more

than *de minimis*." Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002) ) (back and leg pain and canker sore *de minimis*); see also Pierce v. County of Orange, 526 F.3d 1190, 1211-13 (9th Cir. 2008) (bladder infections and bed sores, which pose significant pain and health risks to paraplegics such as the plaintiff, were not *de minimis*). The physical injury requirement applies only to claims for mental or emotional injuries and does not bar claims for compensatory, nominal, or punitive damages. Id. at 630. Therefore, Plaintiff is not entitled to monetary damages in this case for emotional distress unless he also shows a physical injury.

## V. CONCLUSION AND ORDER

The court finds that Plaintiff's Complaint fails to state any claim upon which relief may be granted under § 1983. Therefore, the court will dismiss the Complaint for failure to state a claim and grant Plaintiff leave to file a First Amended Complaint addressing the issues described above.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Accordingly, the court will provide Plaintiff an opportunity to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file the First Amended Complaint within thirty days.

The First Amended Complaint must allege facts showing what each named defendant did that led to the deprivation of Plaintiff's constitutional rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones, 297 F.3d at 934. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights by their actions. Iqbal, 556 U.S. at 676-77 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff should also note that he is not granted leave to add allegations of events occurring after the date he filed the Complaint, December 19, 2018.

///

Plaintiff is advised that an amended complaint supercedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's Complaint, filed on December 19, 2018, is DISMISSED for failure to state a claim under § 1983, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Plaintiff is granted leave to file a First Amended Complaint curing the deficiencies identified by the court in this order, within **thirty (30) days** from the date of service of this order;
4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:18-cv-01719-GSA-PC; and
5. If Plaintiff fails to file a First Amended Complaint within thirty days, this case shall be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **October 2, 2019**          **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE